FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 27 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LUIS ARMANDO DOMINGUEZ,

                                       Plaintiff,

- against -

THE CITY OF NEW YORK, et al.;
DETECTIVE LEONARD SHULMAN; POLICE
OFFICER BARRY WEINSTEIN; EDWARD
GOUTINK Shield #21171; POLICE OFFICER
ERIC KONOSKI Shield #26428; SERGEANT
JASON HANNA Shield #1632; POLICE
OFFICER JAMES BENISH; OTHER
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS; and JOHN DOES (1-15),

                                       Defendants.

---------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 2620 (BMC)

**COGAN, District Judge.**

Plaintiff Luis Dominguez commenced this action on June 9, 2010, alleging that six named and fifteen "John Doe" New York City Police Officers used excessive force, violating his rights under 42 U.S.C. § 1983 and the New York State Constitution. In his complaint, Dominguez alleges that on June 16, 2007, he was carrying a "BB gun pistol" when he requested police assistance, and was greeted instead with officers' bullets that struck him in the torso and left ankle. On August 16, 2010, Dominguez filed a motion to amend his complaint [8] [10] to include six additional officers. On August 18, Dominguez sent these additional officers notice letters about the claims against them and his intention to amend the complaint to add them to this lawsuit.

Although leave to amend is granted "freely . . . when justice so requires," Fed. R. Civ. P. 15(a); see also Forman v. Davis, 371 U.S. 178, 182 (1962), it will be denied if the amendment

would be futile because it fails as a matter of law. Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (quoting Forman, 371 U.S. at 182). An amendment is futile if the plaintiff seeks to add defendants under claims that would be time-barred. Id. The statute of limitation for § 1983 actions brought in New York is three years. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Three years is also the statute of limitation for personal injury claims in New York and for claims against a municipality brought pursuant to the New York State Constitution. See N.Y. C.P.L.R. § 214(5); Schiller v. City of New York, Nos. 04 Civ. 7922 & 04 Civ. 7921, 2008 U.S. Dist. LEXIS 4253 (S.D.N.Y. April 14, 2008) (citing 423 South Salina Street, Inc. v. City of Syracuse, 68 N.Y.2d 474, 482 (1986)).

Claims in an amended pleading filed after the statute of limitation has expired may still be timely, however, if they "relate back" to the original complaint. Fed. R. Civ. P. 15(c).[1] An amendment relates back if the claim in the amendment 1) arose out of the conduct set out in the original complaint; 2) the party to be brought in by the amendment received notice of the original action within the time period provided by Fed. R. Civ. P. 4(m) (generally, 120 days); and 3) the party to be brought in "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Id.

Because the statute of limitation lapsed before he filed his motion to amend, Dominguez' claims against the six new police officers are timely only if his amendment relates back to the original complaint. There is no question that plaintiff satisfies the first two conditions for relation back: the claims against these proposed new defendants arise out of the conduct set out in the original complaint, and plaintiff delivered notice letters to them within 120 days of

---

[1] The relevant analysis for relating state law claims under New York law is the same as it is under Rule 15(c). See Sloane v. Town of Greenburgh, 01 Civ. 11551, 2005 U.S. Dist. LEXIS 16107, at *10 (S.D.N.Y. July 27, 2005); see also Buran v. Coupal, 87 N.Y.2d 173, 178-81 (2005).

2

commencement. In addition, because of the notice letters, the proposed defendants knew that an action would be brought against them.

The only condition left to address in Rule 15(c) is whether plaintiff did not join the six officers because of a mistake concerning their identity. The Second Circuit has squarely addressed this question, holding that a plaintiff's failure to name officers in the original complaint is not a mistake that would allow him to relate back under Rule 15(c). Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995) modified, 74 F.3d 1366 (2d Cir. 1996) (per curiam); see also Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999). In Barrow, the plaintiff filed a complaint against a city, a police department, and ten "John Doe" police officers. After the statute of limitation had lapsed, the plaintiff moved to amend the complaint to add six additional named officers. The district court allowed the amendment, but shortly after granted the motion to dismiss the claims as time-barred. The Second Circuit affirmed on the ground that Rule 15(c) does not allow relation back for "failure to identify individual defendants when the plaintiff knows that such defendants must be named" because such failure "cannot be characterized as a mistake." Barrow, 66 F.3d at 470.

The Supreme Court recently had occasion to examine Rule 15(c) in Krupski v. Costa Crociere, 130 S.Ct. 2485 (2010). There, the plaintiff was injured aboard a cruise ship. Her ticket identified "Costa Crociere" as the carrier and "Costa Cruise" as the sales and marketing agent for the carrier. She mistakenly sued the latter. When she moved to amend her complaint after the statute of limitation period had already expired, the district court denied her motion, interpreting Rule 15(c)(1)(C)(ii)'s mistake requirement to exclude instances where a party knows the identity of the proper defendant. Not suing that defendant, the court reasoned, must be considered a deliberate decision, albeit a wrong one. The Eleventh Circuit affirmed, holding that the plaintiff

3

either knew or should have known of the proper defendant's identity, making her decision not to sue a conscious one.

The Supreme Court reversed. The proper question, according to the Court, was not whether the plaintiff knew or should have known the identity of the proper defendant, but whether the defendant "knew or should have known that it would have been named as a defendant but for an error." Id. at 2493. That error, the Court held, is no less an error within the meaning of Rule 15(c) when the plaintiff knows of a party's existence – it is still a "misunderstanding about [that party's] status or role in the events." Id. at 2494. Thus, the Court determined that a plaintiff's mistake to sue the wrong party is still a mistake even if the party's identity was – literally – right before the plaintiff's eyes. Additionally, it held that the first part of Rule 15(c)(1)(C)(ii), which requires the defendant to have reasonably known that the action would have been brought against him, should be examined entirely from the defendant's point of view, looking at the plaintiff's post-filing conduct only if it bears on the defendant's understanding.

Because Second Circuit precedent is applicable to this case, the question before me is whether Krupski overturned or limited Barrow and its progeny. I find that at least on the facts present here, it did not. Krupski merely picks up where Barrow left off. Barrow asked whether a mistake has been committed; Krupski assumes the presence of a mistake and asks whether it is covered by Rule 15(c)(1)(C)(ii). Therefore, Barrow's holding that a lack of knowledge is not a mistake is still intact.

This is the conclusion reached by at least two courts in the Sixth Circuit – which applies the same rule as Barrow, see Moore v. State of Tenn., 267 F. App'x 450, 455 (6th Cir. 2008) – in the wake of Krupski. Wilson v. Delta Airlines, Inc., No. 09-2687, 2010 U.S. Dist. LEXIS

4

72471, at *10 (W.D. Tenn. July 19, 2010); <u>Burdine v. Kaiser</u>, No. 09-1026, 2010 U.S. Dist. LEXIS 63122, at *7-8 (N.D. Ohio June 25, 2010). In <u>Burdine</u>, Chief Judge Carr explained that <u>Krupski</u> only held that "knowledge of the proper party's existence did not preclude the plaintiff from making a 'mistake' under Rule 15(c)(1)(C)(ii)," and that Sixth Circuit precedent of what constitutes a mistake – not lack of knowledge – still applies. <u>Id.</u>

Therefore, Dominguez' claims against the newly named police officers do not relate back to his original complaint, they would not be timely, and his amendment to the complaint would be futile.[2] Accordingly, plaintiff's motion to amend the complaint is denied.

**SO ORDERED.**

S/BMC
_____
U.S.D.J.

Dated: Brooklyn, New York
August 26, 2010

---

[2] Plaintiff asserts alternatively that it would be unduly harsh to bar his claim. Statutes of limitation always act to bar claims, and plaintiff has not attempted to offer any facts that would permit equitable tolling. <u>See</u> <u>United States v. All Funds Distributed to Weiss</u>, 345 F.3d 49, 54 (2d Cir. 2003) (equitable tolling is reserved for "extraordinary or exceptional circumstances") (quoting <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000)); <u>see also</u> <u>Santiago v. Newburgh Enlarged City Sch. Dist.</u>, 434 F. Supp. 2d 193, 197 (S.D.N.Y. 2006).